MARTHA G. BRONITSKY, SBN 127583
CHAPTER 13 STANDING TRUSTEE
LEO G. SPANOS, SBN 261837
STAFF ATTORNEY
24301 Southland Blvd. Suite 200
Hayward, CA 94545-1541
(510) 266-5580

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:                                  Chapter 13

TOM MARKOU                              CASE NO. 10-44354 LT 13

      Debtor,                   **TRUSTEE'S OBJECTION TO CONFIRMATION BASED ON LIEN STRIP WHERE LIEN IS NOT WHOLLY UNSECURED**

_____/

    COMES NOW, MARTHA G. BRONITSKY, Chapter 13 Standing Trustee, (Trustee), objects to confirmation of this chapter 13 case on the basis that Debtor is attempting to strip a lien that is not wholly unsecured in violation of controlling Ninth Circuit precedent.

1

Case: 10-44354   Doc# 23   Filed: 06/23/10   Entered: 06/23/10 14:35:46   Page 1 of 4

The Trustee also requests that the Court take judicial notice of its own records in the case herein in support of the facts set forth below. Fed.R.Evid. 201.

**FACTS**

Tom Markou ("Debtor") filed this chapter 13 bankruptcy case on April 16, 2010. Debtor is represented by Robert A Wieckowski.

Debtor filed a chapter 13 plan concurrently with this petition (Docket #2) and filed an amended plan on June 22, 2010 (Docket #20). The amended plan proposes to pay $1,795 for 60 months with an estimated 3% dividend to unsecured creditors.

The optional provision of Debtor's amended plan states the following:

> Judicial lien of Georgia Markou to be paid secured value of $18,718.00 on value of residence located at 40765 Vaca Drive, Fremont, CA 94539. Debtor to file motion to avoid lien after secured claim paid by Trustee.

Debtor's schedules value the judicial lien of Georgia Markou at $125,000 and value the Vaca residence at $673,000. Since the senior liens total $654,282, this leaves $18,718 of equity attaching to the Markou lien.

**APPLICABLE LAW & ANALYSIS**

In *Lam v. Investors Thrift (In re Lam)*, 211 B.R. 36 (9th BAP 1997), the BAP held that debtors

2

may strip wholly unsecured junior liens. In distinguishing *Nobelman v. American Savings Bank*, 508 U.S. 324 (disallowing the cram-down on a first mortgage that is the debtor's principal residence), the Panel noted –

> [T]he removal of a partially unsecured claim is decidedly different from requiring a chapter 13 debtor to continue to pay the mortgage contract when the mortgage lien attaches to nothing and the lien ceases to be a secured claim.

*Lam* at 40.

In overruling a District Court decision, the Ninth Circuit Court of Appeals adopted *Lam* five years later in *Zimmer v. PSB Lending Corporation (In re Zimmer)*, 313 F.3d 1220 (9th Cir. 2002). ("We conclude that the district court erred in holding that a wholly unsecured lien is protected by the antimodification clause of §1322(b)(2)." at 1227)

Debtor here is attempting to pay the secured amount of the Markou lien through the plan, and then strip the remaining portion through a motion to avoid in violation of *Lam* and *Zimmer*. Both cases make clear that only wholly unsecured liens may be stripped. If the Debtor's lien attaches to one cent of equity, it must be allowed as a full claim in its entirety.

## CONCLUSION

WHEREFORE, the Trustee respectfully objects to confirmation of the Debtors' plan on the basis that it attempts to strip a lien that is not wholly unsecured in violation of controlling Ninth Circuit precedent.

RESPECTFULLY SUBMITTED

June 23, 2010　　　　　　　　/s/Martha G. Bronitsky 5909
DATE　　　　　　　　　　　　　Martha G. Bronitsky, Esq.
　　　　　　　　　　　　　　　Chapter 13 Standing Trustee

　　　　　　　　　　　　　　　/s/Leo G. Spanos 5909
　　　　　　　　　　　　　　　Leo G. Spanos, Esq.
　　　　　　　　　　　　　　　for Martha G. Bronitsky, Esq.
　　　　　　　　　　　　　　　Chapter 13 Standing Trustee

4