JaVonne M. Phillips, Esq., SBN 187474
Kristin A. Zilberstein, Esq., SBN 200041
**McCarthy & Holthus, LLP**
1770 Fourth Avenue
San Diego, CA 92101
Phone (619) 685-4800 Ext. 1557
Fax (619) 685-4810

Attorney for: Secured Creditor,
Green Tree Servicing LLC, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>Tom Markou dba Arbo Machine Service, Inc.,<br><br>Debtor. | Case No. 10-44354<br><br>Chapter 13<br><br>RS No. KAZ-9863<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Date: 6/11/2014<br>Time: 1:30 PM<br>Ctrm: 201<br>Place: 1300 Clay Street<br>       Oakland, CA |

    Green Tree Servicing LLC, its assignees and/or successors in interest ("Secured Creditor" or "Movant" herein), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party and its Trustee may commence and continue all acts

necessary to foreclose under the Deed of Trust secured by the Debtor's property, commonly known as 40765 Vaca Drive, Fremont, CA 94539, ("Property" herein).

As stated in the attached Declaration, the Debtor has failed to make 3 post-petition payments (3/14 through 5/14).

Based on the foregoing, Secured Creditor alleges that it is not adequately protected. Secured Creditor is not receiving regular monthly payments, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Secured Creditor pursuant to 11 U.S.C. § 362(d)(1) and (2).

Pursuant to 11 U.S.C. § 362(d)(4), Debtor's filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved the transfer of all or part ownership of the Property without the consent of Movant or court approval.

Secured Creditor holds the original Promissory Note dated 08/19/2003, in the principal amount of $322,700.00, which is secured by the Deed of Trust of the same date as signed Tom Markou ("Original Borrower").

On or around October 3, 2008, Original Borrower transferred an alleged interest in the property to Georgia H. Markou without the knowledge or consent of the Movant in violation of the terms of the Deed of Trust Original Borrower signed. A true and correct copy of the unauthorized Grant Deed is attached hereto as **Exhibit "4"** and incorporated herein by reference.

Tom Markou, (herein after referred to as "Debtor") filed a petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court, Case No. 10-44354 on 04/16/2010.

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an Order granting relief from the automatic stay, permitting Secured Creditor to proceed with the foreclosure under Secured Creditor's Deed of Trust, and to sell the subject Property at a trustee's sale under the terms of the Deed of Trust to proceed with any and all post foreclosure sale remedies, including the unlawful detainer action or any other action necessary to obtain possession of the Property.

2. For an Order that the fourteen day stay described by Bankruptcy Rule 4001(a)(3) be waived.

3. For attorneys' fees and costs incurred herein.

4. For such other relief as the Court deems proper.

5. The Moving Party, at its option, may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

6. Furthermore, Movant may contact the Debtor to comply with California Civil Code Section 2923.5.

Dated: May 16, 2014        McCarthy & Holthus, LLP

By: /s/ Kristin A. Zilberstein
Kristin A. Zilberstein, Esq.
Attorneys for Secured Creditor
Green Tree Servicing LLC, its assignees and/or successors